IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SHARMA HELMS, an
individual,

       Plaintiff,

v.                                    Civil Action No. _____

LIFE INSURANCE COMPANY
OF NORTH AMERICA, a corporation,

       Defendant.

## COMPLAINT

### Introductory Allegations

1. Plaintiff, Sharma Helms, is a resident citizen of the State of Alabama.

2. Plaintiff is informed and believes and based on such information and belief alleges that Defendant, Life Insurance Company of North America ("LINA"), is a foreign corporation which at all relevant times has done or transacted business in the Northern District of Alabama.

3. In or about 2013, Plaintiff was forced to stop working as a result of medical problems including complications from total hip replacement surgery. At that time Plaintiff, was employed as a medical coder for Southeast Alabama Medical Center ("SAMC"). As a result of these conditions, Plaintiff is no longer able to perform job as a medical coder or to do any other work for which is qualified by reason of her education, training or experience.

4. During said time period, SAMC had in force and effect a welfare benefit plan which provided long term disability benefits to its employees through a group policy of insurance with LINA. LINA also was the claims administrator for said Plan. Ms. Helms made a claim under the

Plan in accordance with the terms of that Plan, and her benefits initially were awarded. However, benefits under said Plan subsequently were terminated. Because Plaintiff's claims herein involve a claim for welfare benefits provided by employer, her claims are governed by the Employee Retirement Income Security Act ("ERISA").

## COUNT I

### For Denial of Disability Benefits

5. Plaintiff adopts and incorporates by this reference paragraphs 1 through 4, inclusive, of this Complaint.

6. In or about 2013, Plaintiff became disabled within the meaning of the terms of said Plan, thereby qualifying her for payment of benefits under that Plan. Plaintiff has remained disabled under the terms of said Plan since that time.

7. Plaintiff complied with all terms of said Plan as a condition precedent to bringing this suit, including attempting to exhaust all of her administrative remedies. Plaintiff submitted the last of her evidence in connection with her appeal to LINA on April 11, 2017. LINA had 45 days to make a decision, unless they requested an additional 45 days before the first 45 days had expired. LINA did not request more time in this case. It now has been more than 90 days since Plaintiff submitted the last of her evidence, and LINA still has not issued a decision on her appeal. Therefore, because LINA failed to make a decision within the time limits set forth in ERISA, Plaintiff alleges that LINA should be deemed to have denied Plaintiff's appeal. In the alternative, Plaintiff alleges any attempts by her to exhaust her administrative remedies would have been futile.

8. In the event that Plaintiff's claim is "deemed denied," rather than actually decided by an administrator, then there is no decision to which the court can grant deference, and no exercise

of discretion by the administrator.  The standard of review in such cases, therefore, is *de novo*, despite any language in the plan documents purporting to grant discretion to the administrator.  *See, Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 631 (10th Cir.2003) ( "We hold that when substantial violations of [the] ERISA deadlines result in the claim's being automatically deemed denied on review, the district court must review the denial de novo, even if the plan administrator has discretionary authority to decide claims."); see also *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1107 (9th Cir.2003) (agreeing that consequential violations of the ERISA would entitle the plaintiff to *de novo* review); *McDowell v. Standard Ins. Co.*, 555 F.Supp.2d 1361, 1373 (N.D.Ga. 2008) (agreeing with Gilbertson).

9. Defendant's denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, and was a violation of the ERISA.  As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff suffered injuries and damages, including, but not limited to the following:

(a) loss of monetary benefits as set forth within the Plan.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages and/or equitable relief in an amount to be determined by the Court, plus pre-judgment and post-judgment interest, costs of this suit, and a reasonable attorney's fee.

/s/ John M. Pennington
John M. Pennington, Attorney
Counsel for Plaintiff
1023 Edenton Street
Birmingham, Alabama 35242
(205) 314-5735
Ala. Bar No. ASB-6905-N52J

<u>Serve Defendants Certified Mail</u>
<u>Return Receipt Requested at</u>:

Life Insurance Company of North America
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104